# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| DARRELL P. MILLER,<br><br>      Plaintiff,<br><br>vs.<br><br>MICHAEL ASTRUE, Commissioner of Social Security,<br><br>      Defendant. | No. C11-3030-LTS<br><br>**ORDER REGARDING PLAINTIFF'S APPLICATION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT** |

_____

This matter is before the court on plaintiff's application (Doc. No. 23) for attorney fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). On April 24, 2012, the court reversed and remanded the decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") (Doc. No. 20). Plaintiff now requests $3,611.05 in attorney fees for his attorney's work on the case and alleges that the Commissioner's position was not substantially justified. Plaintiff also seeks reimbursement of his filing fee in the amount of $350.00.

In support of his application, plaintiff attached a copy of his attorney fee agreement, an itemization of the time plaintiff's attorney spent on the case and a copy of the Consumer Price Index for All Urban Consumers. Plaintiff notes that the terms of the fee agreement provide that any fee awarded under EAJA will belong to his attorney.

On July 3, 2012, the Commissioner filed his response (Doc. No. 24) to plaintiff's application. (Doc. No. 23.) The Commissioner indicates he has no objection to entry

1

of an order awarding attorney fees under EAJA in the amount of $3,611.05, to be paid by the Social Security Administration. The Commissioner further indicates he has no objection to plaintiff being reimbursed for his filing fee of $350.00, payable from the Judgment Fund administered by the United States Treasury.

## DISCUSSION

**A.  Legal Standards**

Attorney fees may be awarded to a "prevailing party" in a Social Security appeal under the EAJA. 28 U.S.C. § 2412(d). The statute provides as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was *substantially justified* or that *special circumstances* make an award unjust.

*Id*. § 2412(d)(1)(A) (emphasis added). The Eighth Circuit Court of Appeals has had little occasion to elaborate on what constitutes "special circumstances." *See Koss v. Sullivan*, 982 F.2d 1226, 1229 (8th Cir. 1993) (looking to see whether special circumstances make an award unjust, and finding none, but stating "the denial of fees to counsel whose efforts brought about the Secretary's change of position is unjust"). The Eighth Circuit has specifically addressed, however, when a position is substantially justified. *See, e.g.*, *Lauer v. Barnhart*, 321 F.3d 762, 764-65 (8th Cir. 2003); *Cornella v. Schweiker*, 728 F.2d 978, 981-82 (8th Cir. 1984).

> A position enjoys substantial justification if it has a clearly reasonable basis in law and fact. Accordingly, the Commissioner can advance a losing position in the district court and still avoid the imposition of a fee award as


of an order awarding attorney fees under EAJA in the amount of $3,611.05, to be paid by the Social Security Administration. The Commissioner further indicates he has no objection to plaintiff being reimbursed for his filing fee of $350.00, payable from the Judgment Fund administered by the United States Treasury.

## DISCUSSION

**A.  Legal Standards**

Attorney fees may be awarded to a "prevailing party" in a Social Security appeal under the EAJA. 28 U.S.C. § 2412(d). The statute provides as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was *substantially justified* or that *special circumstances* make an award unjust.

*Id*. § 2412(d)(1)(A) (emphasis added). The Eighth Circuit Court of Appeals has had little occasion to elaborate on what constitutes "special circumstances." *See Koss v. Sullivan*, 982 F.2d 1226, 1229 (8th Cir. 1993) (looking to see whether special circumstances make an award unjust, and finding none, but stating "the denial of fees to counsel whose efforts brought about the Secretary's change of position is unjust"). The Eighth Circuit has specifically addressed, however, when a position is substantially justified. *See, e.g.*, *Lauer v. Barnhart*, 321 F.3d 762, 764-65 (8th Cir. 2003); *Cornella v. Schweiker*, 728 F.2d 978, 981-82 (8th Cir. 1984).

> A position enjoys substantial justification if it has a clearly reasonable basis in law and fact. Accordingly, the Commissioner can advance a losing position in the district court and still avoid the imposition of a fee award as

> long as the Commissioner's position had a reasonable basis in law and fact. Further, a loss on the merits by the Commissioner does not give rise to a presumption that [he or] she lacked substantial justification for [his or] her position. The Commissioner does, however, at all times bear the burden to prove substantial justification.

*Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005) (citations omitted); *see Lauer*, 321 F.3d at 765 (recognizing "the overriding, fundamental principal [sic] that the government's position must be well founded in fact to be substantially justified"); *Sawyers v. Shalala*, 990 F.2d 1033, 1034 (8th Cir. 1993) ("To be substantially justified, the [Commissioner] must show that [his] position was 'justified to a degree that could satisfy a reasonable person.'" (quoting *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 2550 (1988))).

To obtain an award, the party must apply for the award "within thirty days of final judgment in the action" and "allege that the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B). "[T]he provision's 30-day deadline for fee applications and its application-content specifications are not properly typed 'jurisdictional,'" but instead are "ancillary to the judgment of a court." *Scarborough v. Principi*, 541 U.S. 401, 413-14, 124 S. Ct. 1856, 1864-65 (2004). The government, therefore, can waive this requirement because it is present to protect the government's interests. *See Vasquez v. Barnhart*, 459 F. Supp. 2d 835, 836 (N.D. Iowa 2006).

If attorney fees are appropriate, the reasonable hourly rate for such fees is established by statute as follows:

> [A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii); *see Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990) (holding that, "where . . . an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75 per hour [(the applicable statutory amount in the case)], enhanced fees should be awarded"). Further, "[f]ees and other expenses awarded under [subsection (d)] to a party shall be paid by any agency [(the Social Security Administration)] over which the party prevails from any funds made available to the agency by appropriation or otherwise." 28 U.S.C. § 2412(d)(4). Under § 2412(d), attorney fees are payable to the litigant, not directly to the litigant's attorney. *See Astrue v. Ratliff*, 560 U.S. ___, 130 S. Ct. 2521, 2525-27 (2010).

Filing fees and other costs may also be awarded under EAJA to plaintiffs who prevail in Social Security cases. Section 2412 provides as follows:

> Except as otherwise specifically provided by statute, a *judgment for costs*, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.

28 U.S.C. § 2412(a)(1) (emphasis added). "Fees of the clerk" and "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" may be "tax[ed] as costs." *Id.* § 1920(1), (4). Section 2412 also directs that the "costs pursuant to subsection (a)" are paid by the Secretary of the United States Treasury. *See id.* § 2412(c)(1) (indicating that these costs are "paid as provided in section[] 2414"); *id.* § 2414 (stating that payment of final

4

judgments "shall be made on settlements by the Secretary of the Treasury"); *see also* 31 U.S.C. § 1304(a)(1) ("Necessary amounts are appropriated to pay final judgments, awards, compromise settlements, and interest and costs specified in the judgments or otherwise authorized by law when . . . (1) payment is not otherwise provided for . . . .").

**B.     Analysis**

The court finds that plaintiff is a "prevailing party," and the Commissioner, by not objecting to the payment of attorney fees, has not shown either "substantial[] justi[fication]" or "special circumstances" to preclude an award of reasonable attorney fees. 28 U.S.C. § 2412(d)(1)(A). Upon review of the exhibits attached to plaintiff's application, which include an itemization of the hours his attorney logged for this case, the court finds that an award of fees in the amount of $3,611.05 is reasonable and appropriate. Further, plaintiff supports his attorney's rate of $181.46, which is greater than the statutory amount in 28 U.S.C. § 2412(d)(2)(A)(ii), with uncontested evidence of cost of living increases (*see* Doc. Nos. 23-1, 23-2). *See Johnson*, 919 F.2d at 505.

The $350.00 filing fee paid by plaintiff is taxable as a cost under 28 U.S.C. § 1920. Plaintiff is, therefore, also entitled to reimbursement of the $350.00 filing fee, which is payable from the Judgment Fund administered by the Treasury, and not by the Social Security Administration under EAJA. *See* 28 U.S.C. §§ 2412(a), (c)(1), 2414; 31 U.S.C. § 1304. Finally, because the EAJA payment shall be made to the litigant, rather than directly to the litigant's attorney, the court will order that the fees be paid to plaintiff. *See Ratliff*, 560 U.S. at ___, 130 S. Ct. at 2525-27.

## CONCLUSION

Accordingly, it is ORDERED that plaintiff's application for attorney fees and costs is **granted**. Judgment will enter for plaintiff in the amount of **$3,611.05**, representing attorney fees to be paid by the Social Security Administration pursuant to the Social Security Act, and **$350.00**, representing the filing fee, to be paid from the Judgment Fund.

**IT IS SO ORDERED.**

**DATED** this 9th day of July, 2012.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA